Rodriguez Moscoso v. Garland

BIA
Conroy, IJ
A201 242 139

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 31st day of March, two thousand twenty-three.

PRESENT:
> REENA RAGGI,
> WILLIAM J. NARDINI,
> EUNICE C. LEE,
> > *Circuit Judges.*

_____

RAMIRO RODRIGUEZ MOSCOSO, AKA RAMIRO RODRIGUEZ, AKA RAMIRO MOSCOSO,
> *Petitioner,*

v.

MERRICK B. GARLAND, UNITED STATES ATTORNEY GENERAL,
> *Respondent.*

_____

20-1903
NAC

FOR PETITIONER:          Nicholas J. Mundy, Esq.,
                         Brooklyn, NY.

**FOR RESPONDENT:** Brian Boynton, Acting Assistant Attorney General; Erica B. Miles, Senior Litigation Counsel, Office of Immigration Litigation; Jaclyn E. Shea, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Ramiro Rodriguez Moscoso, a native and citizen of Colombia, seeks review of a June 4, 2020, decision of the BIA affirming a June 20, 2018, decision of an Immigration Judge ("IJ") denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Ramiro Rodriguez Moscoso*, No. A201 242 139 (B.I.A. June 4, 2020), *aff'g* No. A201 242 139 (Immigr. Ct. N.Y. City June 20, 2018). We assume the parties' familiarity with the underlying facts and procedural history.

We have reviewed the IJ's decision as supplemented by the BIA. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). "The testimony of the applicant may be sufficient to sustain the applicant's burden without corroboration, but only if the applicant satisfies the trier of fact that the

2

applicant's testimony is credible, is persuasive, and refers to specific facts sufficient to demonstrate that the applicant is a refugee. . . . Where the trier of fact determines that the applicant should provide evidence that corroborates otherwise credible testimony, such evidence must be provided unless the applicant does not have the evidence and cannot reasonably obtain the evidence." 8 U.S.C. § 1158(b)(1)(B)(ii). The agency may deny relief based on a lack of corroboration if it identifies reasonably available evidence that the applicant should have presented. *See id.*; *Wei Sun v. Sessions*, 883 F.3d 23, 28 (2d Cir. 2018). Before denying a claim solely on an applicant's failure to provide corroborating evidence, the IJ must, either in the decision or otherwise in the record, "(1) point to specific pieces of missing evidence and show that it was reasonably available, (2) give the applicant an opportunity to explain the omission, and (3) assess any explanation given." *Wei Sun*, 883 F.3d at 31. Advance notice of the need for specific corroboration and an opportunity to gather the evidence are not required, because "the alien bears the ultimate burden of introducing such evidence without prompting from the IJ." *Id.* (quotation marks omitted). Where the IJ has identified the missing

3

evidence, we may reverse the agency's decision only if "a reasonable trier of fact is compelled to conclude that such corroborating evidence is unavailable." 8 U.S.C. § 1252(b)(4); *see Yan Juan Chen v. Holder*, 658 F.3d 246, 252-53 (2d Cir. 2011). The agency did not err in concluding that Rodriguez Moscoso failed to meet his burden of proof.

The agency identified the missing evidence. *See Wei Sun*, 883 F.3d at 31. The IJ noted that Rodriguez Moscoso did not provide (1) letters of supports from his siblings, even though he claimed that he brought them to the United States because of similar threats they received in Colombia and saw them daily; (2) a letter from a friend in Colombia who told him that the Cordillera gang was stronger than before he left; and (3) social media posts that indicated that the Colombian government would not protect him. Rodriguez Moscoso explained that his siblings could not testify because they were afraid of immigration officials, he did not think to ask his siblings for written statements, he did not get a letter from his friend in Colombia because his friend was busy, and he did not document social media posts about the police because he did not realize such evidence was important and he was not good with technology. These explanations do not

4

demonstrate that the missing evidence was unavailable. *Id.; see also* 8 U.S.C. § 1252(b)(4).

In addition to the missing evidence, the agency did not err in finding that the evidence that Rodriguez Moscoso did provide from Colombia was insufficient to corroborate his account. Rodriguez Moscoso testified that the gang threatened to kill him and his family and threatened his parents three times. However, the letter from Rodriguez Moscoso's mother and stepfather did not mention threats against them or that the family had been in danger, and Rodriguez Moscoso's explanation does not establish that evidence corroborating the threats was unavailable or explain why Rodriguez Moscoso did not ask his mother to supplement her statement. *See Wei Sun*, 883 F.3d at 31.

Because the record does not compel a conclusion that corroborating evidence was unavailable, the agency did not err in finding that Rodriguez Moscoso failed to satisfy his burden of proof. *See* 8 U.S.C. §§ 1158(b)(1)(B)(ii), 1252(b)(4); *Wei Sun*, 883 F.3d at 28. That finding is dispositive of asylum, withholding of removal, and CAT relief because all three forms of relief were based on the same factual predicate. *See Lecaj v. Holder*, 616 F.3d 111, 119-

5

20 (2d Cir. 2010).

For the foregoing reasons, the petition for review is DENIED.  All pending motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court